UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

ALEXANDER FORD,                      Case No. 20-cv-1023

      Plaintiff,

vs.

FINANCIAL RECOVERY SERVICES, INC.,

      Defendant.

---

## COMPLAINT

---

NOW COMES Plaintiff Alexander Ford, by and through his attorney, Nathan DeLadurantey of DeLadurantey Law Office, LLC and complains of Defendant Financial Recovery Services, Inc., and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from the illegal collection attempts of Defendant.

2. Causes of Action herein are brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Wisconsin Consumer Act, Wis. Stat. § 421, *et seq.* ("WCA").

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1692 as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred, and and WCA within one year from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(2), because this is where the acts giving rise to the claim occurred.

6. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction. Defendant is subject to personal jurisdiction in Wisconsin, since they do business in Wisconsin.

## Parties

7. Plaintiff Alexander Ford (hereinafter "Plaintiff") is a natural person who resides in the County of Dane, State of Wisconsin.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

9. Defendant Financial Recovery Services, Inc. ("Defendant") is a company with a principal office address located at 4510 W. 77th Street, Suite 200, Edina, MN 55435.

10. Defendant is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

11. Defendant is a "debt collector" pursuant to Wis. Stat. §427.103(3).

## BACKGROUND

12. On May 29, 2019, Plaintiff filed a Wisconsin Chapter 128 Amortization of Debts (Dane County Case No. 2019CV001475).

13. The pleading listed a debt owed to a non-party, Northstar Location Services. The debt as for less than $25,000 and was incurred for personal, family, or household purposes.

14. The non-party is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

15. The non-party has accepted payments under the debt amortization plan, and has personal knowledge that Plaintiff is represented by counsel.

16. Since that time, Defendant has engaged in collection attempts directed at Plaintiff.

17. Defendant has attempted to collect balances from Plaintiff that are currently in a Chapter 128 Amortization of Debts, with the actual and/or implied knowledge that Plaintiff is represented by counsel.

18. Defendant is prohibited from engaging in these collection attempts.

### Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Plaintiff is a consumer as defined by 15 U.S.C. §1692a(3).

21. The foregoing acts of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692c(a)(2), 1692e, 1692e(2), 1692e(10), 1692e(14), 1692f, and 1692f(1), with respect to the Plaintiff.

22. Specifically, under 15 U.S.C. § 1692c(a)(2) a debt collector cannot communicate directly with a consumer when they know the consumer is represented by a lawyer, which Defendant did.

23. Under 15 U.S.C. § 1692e(2), a debt collector cannot make a false representation about the amount of debt owed, which Defendants did when they directly contacted Plaintiff about the debt, and attempted to collect on a paid debt.

24. Under 15 U.S.C. § 1692e(5), a debt collector cannot threaten to take any action they legally cannot take, which Defendants did when they directly contacted Plaintiff about the debt, and attempted to collect on a paid debt.

25. Under 15 U.S.C. § 1692e(10), a debt collector cannot use false representation or deceptive means to collect, which Defendants did when they directly contacted Plaintiff about the debt, and attempted to collect on a paid debt.

26. Under 15 U.S.C. § 1692f(1), a debt collector cannot collect an amount which it is not authorized to collect, which Defendants did when they directly contacted Plaintiff about the debt, and attempted to collect on a paid debt.

27. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, and other negative emotions.

28. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

**Count 2 – Violations of the Wisconsin Consumer Act, (Wis. Stat. § 427.104(h))**

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Under Wis. Stat. § 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to… harass the customer or a person related to the consumer…"

31. Defendant violated Wis. Stat. § 427.104(1)(h) when Defendants engaged in the above referenced collection attempts.

32. Under Wis. Stat. § 427.104(j), a debt collector cannot "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist…"

4

33. Defendant violated Wis. Stat. § 427.104(1)(j) when Defendants engaged in the above referenced collection attempts.

34. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, and other negative emotions.

35. Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. § 427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 435.308.

## **Trial by Jury**

Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter judgment against Defendant as follows:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
D. Actual, statutory, and punitive damages pursuant to Wis. Stat. §427 *et al.*;
E. Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308; and
F. For such other and further relief as may be just and proper.

Dated this 11th day of November, 2020.

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515
E: nathan@dela-law.com

*Attorney for the Plaintiff*
